### STIRNIMANN v. THE SAN DIEGO et al.
### No. 217.

Circuit Court of Appeals, Second Circuit.
March 21, 1945.

142

Herbert M. Statt, of New York City (Haight, Griffin, Deming & Gardner and J. Ward O'Neill, all of New York City, on the brief), for respondents-appellants.

Thomas H. Middleton, of New York City (Hill, Rivkins & Middleton, of New York City, on the brief), for libelant-appellee.

Before EVANS, CLARK, and FRANK, Circuit Judges.

CLARK, Circuit Judge.

This libel in admiralty was brought by Franz Stirnimann to recover damages to a giant amusement crane allegedly incurred in the course of its transportation from Le Havre, France, to San Francisco. Stirni-mann shipped his crane on the S. S. "San Diego" on November 25, 1938. He received a clean bill of lading issued on behalf of respondents, which acknowledged receipt at Le Havre of "126 colis," or component parts, of the crane, "all in apparent good order and condition." But when respondents discharged the crane at San Francisco, January 4 and 5, 1939, twenty-two of the units comprising the shipment were receipted for as bent, kinked, and dented. After trial below the District Court entered an interlocutory decree in favor of libelant, with the usual reference to settle the damages. 55 F.Supp. 798. This appeal followed.

There is here no dispute as to the damaged condition of the crane upon arrival at San Francisco. Respondents contend, however, that libelant failed to prove injury during the course of transportation. We cannot agree. Libelant did put the bill of lading in evidence; and the statement therein contained of the apparent good condition of the shipment, while not conclusive, does amount to initial proof of its freedom from open and visible damage prior to transportation. Nelson v. Woodruff, 1 Black 156, 66 U.S. 156, 17 L.Ed. 97; Rich v. Lambert & Bro., 12 How. 347, 53 U.S. 347, 13 L.Ed. 1017; Clark v. Barnwell, 12 How. 272, 53 U.S. 272, 13 L.Ed. 985; The Caterina Gerolimich, D. C. E. D. N. Y., 43 F.2d 248, affirmed 2 Cir., 54 F.2d 1080; The Vallescura, D. C. S. D. N. Y., 43 F.2d 247; Stiles v. Ocean S. S. Co., 2 Cir., 34 F.2d 627. Although there was some dispute whether the damage was discernible by the inexperienced eye, the court below found that it was; and we accept this finding, since the testimony on the point was at best contradictory.

In fact, the clean bill of lading is contradicted merely by the assertions of respondents' witnesses—all respondents' employees—of their impression from inspecting the damage that it must have originated prior to loading of the crane at Le Havre. Juvin, chief officer of the S. S. "San Diego," also testified that he made notes with regard to the parts which he found bent, twisted, and rusty at Le Havre, and that he sent these notes to respondents' agent at San Francisco. These notes were not produced at trial. This meager and uncertain evidence was not sufficient to overcome libelant's case. As the trial court well said, "If those de-

fects were so obvious, I cannot reconcile that fact with the manner of receipt which was given." At any rate the court's determination is not to be held clearly erroneous. The proof as to amount of damage consisted of the lowest bid for the work finally done on the crane, without a showing as to whether or not this was merely for repairing the damage. While this would not justify a final decree in favor of libelant, it does afford ample basis for the interlocutory decree and the reference for computation of the damages.

 Respondents further contend that under the Carriage of Goods by Sea Act, 46 U.S.C.A. § 1304(5), libelant is limited to a recovery of $500. That statute limits the carrier's liability for goods, the value of which has not been declared, to $500 per package, "or in case of goods not shipped in packages, per customary freight unit." Here the crane was hardly to be regarded as shipped in packages. But certainly it was not shipped as a unit, and on the face of the record it surely is not to be taken as a single customary freight unit. Respondents contend, however, that the freight charge was conceded at trial to be a lump sum, and cite the case of Brazil Oiticica, Ltd. v. The Bill, D.C. Md., 55 F.Supp. 780, in support of the proposition that when freight is so charged, libelant is limited to a recovery of $500. But all that was conceded at trial was that the freight was a lump sum on the bill of lading. It does not appear how the figure on the bill was arrived at. The record shows that each piece was carefully weighed and measured, and described in a schedule attached to the bill of lading. It seems reasonable to suppose that the weight and size of each piece were carefully and separately considered in arriving at the freight.

Moreover, Brazil Oiticica v. The Bill, supra, does not support respondents' contention. There it was proved that in shipments of oil in bulk in the "two deep tanks" of the ship the "customary freight unit" was 1,000 kilos, and so the court applied the $500 limitation to each 1,000 kilos of the shipment. Significantly, the court did not hold that there was but a single unit, or even two units; and it cited this case below with apparent approval. Here there was not presented like proof as to the customary method of charging freight on, or shipping, giant cranes. Nor is it likely that any particular custom prevails. The court below held that each of

the 126 pieces was a separate package or freight unit, each being subject separately to the $500 limitation. This is a reasonable conclusion where there is no showing of a contrary custom, in the light of the obvious purpose of the section—as has been said of the somewhat less precise English counterpart, cf. 55 F.Supp. 780, 782—to prevent "excessive claims in respect of small packages of great value," but not to permit carriers to escape liability for just claims. Temperley & Vaughan, Carriage of Goods by Sea Act, 1924, 4th Ed. 1932, 82; cf. Studebaker Distributors, Ltd. v. Charlton Steam Shipping Co., [1938] 1 K. B. 459, 467.

Affirmed.