**FIDELIS FISHERIES, Limited,**
Libelant,

v.

**Gustaf B. THORDEN, THE KRISTINA THORDEN, her engines, hull, tackle, cargo and her appurtenances thereof, Claimant-Respondent.**

United States District Court
S. D. New York.

June 28, 1956.

Alexander & Ash, New York City (Edward Ash, New York City, of counsel), for libelant.

Haight, Gardner, Poor & Havens, New York City (John C. Moore and Thomas R. H. Howarth, New York City, of counsel), for claimant-respondent.

THOMAS F. MURPHY, District Judge.

Libelant claims damages because of spoilage of a large part of a cargo of fresh caviar shipped aboard respondent's vessel Kristina Thorden on a voyage from Stockholm to New York. The spoilage was occasioned, according to libelant, by respondent's failure to maintain the below freezing temperature stipulated in the bills of lading.

A host of factual issues have been raised but need not be decided since the undisputed facts are sufficient for disposition.

The caviar originated in the area of the Caspian Sea where it was packed in tins. These tins were flexibly sealed, i. e., they were not hermetically sealed but the top and bottom of the can were held in place by a large rubber band that girdled it permitting expansion and contraction. Each tin weighed approximately two kilograms and three tins were placed in a canvas bag. Nine such bags were then placed in a barrel and the barrel lined with reeds for insulation and packed with ice. The cargo consisted of 35 such packaged barrels and was conveyed north, in a manner not disclosed, to Leningrad, where on October 8, 1947, certain certificates were issued by Russian government authorities respecting the gross weight and condition. The cargo was then transhipped on-deck to Stockholm. It remained in Stockholm in a warehouse under undisclosed conditions for three weeks when it was laden aboard the respondent's vessel on November 5, 1947. Bills of lading were issued acknowledging the receipt of the cargo in apparent good order and condition and acknowledging the gross weight as stated by the shipper, and agreeing to stow it at the below freezing temperature of 2.5°–3° below zero Celsius.

The Kristina Thorden arrived on December 9, 1947, at the Port of New York.

The cargo was weighed on outturn and almost immediately placed in a refrigerated warehouse where the temperature was kept at approximately 29° Fahrenheit. Upon examination and inspection of the cargo at such warehouse the uncontested proof showed that seven of the barrels and their contents of caviar were in perfect condition, i. e., the original ice was still frozen in the barrels and the caviar wholesome. The remainder of the barrels were either without ice or had very little ice (and that refrozen) and the caviar putrefied.

Briefly, libelant contends that the caviar in the 35 barrels was in good order and condition when respondent received it; that the barrels weighed the same amount as specified in the bills of lading; that respondent failed to properly refrigerate the cargo and as a result the cargo outturned at a lesser weight, which deficiency was caused by the loss of ice in which the caviar was packed; and that because of the improper temperature and loss of ice the caviar had spoiled. As a legal basis for these contentions libelant relies upon Section 1303(3), (4) of the Carriage of Goods by Sea Act, 46 U.S. C.A. § 1303, and the case of George F. Pettinos, Inc., v. American Export Lines, D.C.E.D.Pa.1946, 68 F.Supp. 759, affirmed 3 Cir., 1947, 159 F.2d 247, to the effect that a clean bill of lading is prima facie evidence of the good order and condition of the goods at the time of shipment, and that the shipper's weights stated on the bill of lading are prima facie evidence of the actual weights. Respondent contends that the burden of proof is squarely upon the libelant to prove good order and condition and that the shipper's weights on the bill of lading are of no legal effect.

■■ While there can be no dispute that a clean bill of lading is prima facie evidence that the goods were received in good order and condition, such evidence is subject to rebuttal the same as any other. McNeely & Price Co. v. The Exchequer, D.C.E.D.Pa.1951, 100 F.Supp. 343; Wagman & Co. v. United States Lines Co., D.C.E.D.Pa.1952, 104 F.Supp. 189; Karabagui v. The Shickshinny, D.C. S.D.N.Y.1954, 123 F.Supp. 99, affirmed sub nom. Kupfermann v. United States, 2 Cir., 1955, 227 F.2d 348. In order to succeed libelant must prove that his goods were in good order and condition when received by the carrier. Schroeder Bros. v. The Saturnia, D.C.S.D.N.Y.1954, 123 F.Supp. 282, affirmed 2 Cir., 1955, 226 F.2d 147. A clean bill of lading gives him a head start in this regard but it is not conclusive. Especially is this so when the carrier has no opportunity to inspect the goods as in the present case. The Niel Maersk, 2 Cir., 1937, 91 F.2d 932; Stirnimann v. The San Diego, 2 Cir., 1945, 148 F.2d 141; Kupfermann v. United States, supra; Schroeder Bros. v. The Saturnia, supra; Copco Steel & Engineering Co. v. The Alwaki, D.C.S.D.N.Y. 1955, 131 F.Supp. 332. Here the caviar was packed in tins which were placed inside canvas bags, which in turn were packed in ice and put into barrels. Obviously, in this case, good order and condition can only apply to the outward appearance of the barrels and not to the condition of the caviar deep inside. With respect to the shipper's weights stated in the bill of lading, the situation is similar. Even assuming Judge Kirkpatrick is correct in the Pettinos case this evidence, too, may be rebutted.

■ We find without hesitation that claimant-respondent has offered sufficient rebuttal evidence to destroy libelant's prima facie case on both of these issues. It is undisputed that all 35 barrels were stowed together upon the Kristina Thorden in the same refrigeration compartment and under identical conditions. And libelant freely admits that seven of these barrels survived the voyage in perfect condition both as to ice and caviar. Even conceding the truth of all of libelant's charges—that the barrels were stowed wrong end up; that the temperatures were not maintained as per the bill of lading; that the temperatures exceeded freezing on some occasions; that the thermometers were inaccurate; that the refrigeration machinery broke down and was overhauled several times—how could

any of these have had an adverse effect on the cargo if seven of the barrels arrived in perfect condition? The answer is inescapable. Seven of the barrels were in perfect condition when stowed and the remainder were not. Cf. The Maine, 1927 A.M.C. 443. And if this were not enough, further undisputed testimony shows that the caviar had first to make a long journey from the Caspian Sea to Leningrad under unknown conditions. Even assuming the Russian documents are admissible and sufficient to prove the caviar and ice reached Leningrad in perfect condition, the cargo thereafter endured an *on-deck* voyage from Leningrad to Stockholm and was suffered to languish in a Swedish warehouse under unknown conditions for some weeks before being received by respondent. Couple this with the conditions determined on outturn—seven barrels perfect, some containing refrozen ice (i. e., crushed ice that had melted and then refrozen in a solid block) and some with no ice at all— and it becomes obvious that respondent has rebutted the prima facie case made out by the bill of lading both as to good order and condition and as to weight. Accordingly, the libel is dismissed.

Pursuant to Rule 46½, 28 U.S.C.A., this opinion is filed in lieu of Findings of Fact and Conclusions of Law.