MITSUBISHI INTERNATIONAL COR-
PORATION, Libellant-Appellant,

v.

S.S. PALMETTO STATE and States
Marine Corporation of Delaware,
Respondent-Appellee.

No. 28, Docket 27507.

United States Court of Appeals
Second Circuit.

Submitted Oct. 11, 1962.

Decided Dec. 4, 1962.

Bigham, Englar, Jones & Houston,
New York City (F. Herbert Prem, New
York City, of counsel), for libellant-ap-
pellant.

Kirlin, Campbell & Keating, New York
City (Richard H. Sommer and L. de
Grove Potter, New York City, of coun-
sel), for respondent-appellee.

Before CLARK, MOORE and SMITH,
Circuit Judges.

LEONARD P. MOORE, Circuit Judge.

This is an appeal from a final decree in
an admiralty action in which the libellant
(the shipper) sought damages for injury
to cargo shipped on respondent's vessel,
"Palmetto State". The notice of appeal
specifically seeks to review the questions
"(1) were the bulky heavy cases of libel-
lant's cargo 'packages' within the terms
of Section 4(5) of the U. S. Carriage of
Goods by Sea Act (46 U.S.Code, Sec.
1304(5)), and of the bill of lading which
incorporated that Act; (2) is respond-
ent's liability for damage to libellant's
cargo limited to $500 per boxed steel roll,
as set out in the trial Court's Conclusions
of Law Nos. 4 and 5."

The cargo consisted of three rolls of
steel, each weighing about 32½ tons, and
each fully boxed in separate wooden
cases. The District Court held that the
damage was attributable to respondent's

negligence in failing to adequately secure the cases, but limited respondent's liability to $500 per roll (i. e., per "package") despite actual damage of approximately $31,000, pursuant to Section 4(5) of the Carriage of Goods at Sea Act, 46 U.S.C. § 1304(5) [hereafter cited as COGSA].[1]

Once again presented to the courts is the troublesome conundrum: When is a package not a package? The term "package" has been a subject of court consideration at least since 1874 when a British court decided that a four-wheeled wooden wagon without a top in which oil paintings were packed was a "package or parcel" and, hence, came within an Act limiting liability to £10 per package. Whaite v. The Lancashire & Yorkshire Railway Co., L.R. 9 Ex. 67 (1874). Cleasby, B., said: "It would be absurd to say that the wagon was too large to be a package; plainly, size cannot be a criterion." Although this may have been the British jurists' conception of a package at that date, some ninety years later a Federal trial judge found with equal certainty that "A large tractor, weighing 43,319 pounds, is not within the purview of the layman's view of a 'package'." Gulf Italia Co v. The Exiria, 160 F.Supp. 956, 959 (S.D.N.Y., 1958), affirmed sub. nom. Gulf Italia Co. v American Export Lines, Inc., 263 F.2d 135 (2d Cir., 1959).

However, the field of admiralty law is not an area in which the layman should venture to tread even if equipped with a Webster's Dictionary or Black's Law Dictionary. Black has defined a package as "A bundle put up for transportation or commercial handling; a thing in form to become, as such, an article of merchandise or delivery from hand to hand." Paul Bunyan himself would have had difficulty in delivering three 32½ ton crates "hand to hand". Appellant, therefore, argues (in brief) quite plausibly that "it seems wholly unrealistic to characterize a 32½ ton steel roll with the dimensions mentioned, as a 'bundle'." But the layman's conception of a "package" as something carried under the arm from the corner grocery store is of no significance in deciding what is a package as specified in 46 U.S.C.A. § 1304(5). No layman would have agreed with the three British jurists who were so certain that a wagon was a package.

When Congress passed the Carriage of Goods by Sea Act (49 Stat. 1207) in 1936 there had been several cases and some legislative discussion focusing attention upon the unusual concept of a "package" as a shipping term. The facts in the Supreme Court's decision in Reid v. Fargo, 241 U.S. 544, 36 S.Ct. 712, 60 L.Ed. 1156 (1916) dealing with an automobile in a crate were specifically referred to. Hearings before the Committee on Commerce, United States Senate, 74th Congress First Session, on a Bill relating to Carriage of Goods by Sea, May 10, 1935, pp. 38, 39.

It is unfortunate that no definition of a package was incorporated into the Act. It would have been comparatively easy

1. Carriage of Goods by Sea Act, § 1304(5) reads:

"Neither the carrier nor the ship shall in any event be or become liable for any loss or damage to or in connection with the transportation of goods in an amount exceeding $500 per package lawful money of the United States, or in case of goods not shipped in packages, per customary freight unit, or the equivalent of that sum in other currency, unless the nature and value of such goods have been declared by the shipper before shipment and inserted in the bill of lading. This declaration, if embodied in the bill of lading, shall be prima facie evidence, but shall not be conclusive on the carrier.

"By agreement between the carrier, master, or agent of the carrier, and the shipper another maximum amount than that mentioned in this paragraph may be fixed: Provided, That such maximum shall not be less than the figure above named. In no event shall the carrier be liable for more than the amount of damage actually sustained.

"Neither the carrier nor the ship shall be responsible in any event for loss or damage to or in connection with the transportation of the goods if the nature or value thereof has been knowingly and fraudulently misstated by the shipper in the bill of lading."

to have said that to be a "package" the article shipped must be in a completely enclosed box, or enclosed in a crate or even firmly secured to skids. Lacking any guides, the courts have had to cope with the situations as they have arisen. Not too surprisingly the results have not been uniform. Often, to bypass the "package" problem, the courts have resorted to the "freight unit" clause of the Act, presumably trying thereby to minimize the differential between $500 and the actual loss. See Gulf Italia Co. v. American Export Lines, Inc., supra; Stirnimann v. The San Diego, 148 F.2d 141 (2d Cir., 1945); Middle East Agency v. The John B. Waterman, 86 F.Supp. 487 (S.D.N.Y., 1949).

Only a limited number of cases have involved large heavy goods that were fully packaged. Deere & Co. v. Mississippi Shipping Co., 170 F.Supp. 479 (E.D.La., 1959), held that liability for damage done to a boxed tractor would be limited to $500 but apparently the "package" problem was not argued to that court. Herd & Co. v. Krawill Machinery Corp., 359 U.S. 297, 79 S.Ct. 766, 3 L.Ed. 2d 820 (1959) dealt with the question of whether this section was applicable to a negligent stevedore employed by the carrier to load cargo, the damaged article being a press fully crated, weighing 19 tons. Although rather implicit in the Supreme Court's holding that the $500 limitation was not applicable to the stevedore is the thought that the limitation would have been applicable to the carrier, that question was not squarely decided by the Court. Nor does Gulf Italia Co. v. American Export Lines, Inc., supra, control this case, for there the majority clearly held the mere covering of certain portions of the tractor did not mean that the tractor was shipped in a package.

■ Appellant cites the opinions of the Superior Court of Genoa and the Genoa Court of Appeals holding that the $500 limitation was inapplicable to a fully boxed lathe weighing 25 tons. S.p.A. Fiat v. American Export Line, Appellant's Appendix at 42a, 57a. These opinions were reversed by the Su-preme Court of Cassation, Appellant's Appendix at 69a, on grounds that need not concern us here, but which perhaps limit their precedential value. However, the rationale of the Genoa Court of Appeals would appear to be that the mere fact that an article is packaged does not preclude treatment of it in terms of freight units. If an article made up of several freight units be packaged, the court concluded that the limitation could be treated in terms of units. We do not read the statute in this way, but rather are of the opinion that treatment of packaged and nonpackaged goods was intended to be mutually exclusive.

■■ We think that an article completely enclosed in a wooden box prepared for shipment is a "package" within Section 4(5) of COGSA, regardless of the size and weight of the package. We are met in this regard with the argument that this provision of COGSA was intended to "prevent 'excessive claims in respect of small packages of great value,' but not to permit carriers to escape liability for just claims," Stirnimann v. The San Diego, supra, at 143 of 148 F. 2d, and where the carrier is in fact aware of the greater value of an article fully packaged, the Act would be perverted to limit liability to $500. However, such a position is inconsistent with a policy obviously incorporated into the limitation of liability provision as applied to goods not shipped in packages. Petition of Isbrandtsen Co. v. United States, 201 F.2d 281 (2d Cir., 1952). In Isbrandtsen where damage was suffered by ten locomotives and tenders, the Court held that the unit for computing freight charges was a locomotive and tender and, therefore, limited liability to $5,000, the same result that would have been reached had the locomotives been in fact packaged. The policy behind the statute as interpreted in that case can hardly be said to be merely to prevent liability for excessive claims based on the undisclosed value of articles shipped at sea.

If the libellant had wished to escape this $500 limitation, it need only have inserted in the bill of lading the true

value of the cargo and paid a higher freight rate to secure the greater coverage. In failing to do so in this case, libellant, by virtue of this statutory provision, took the risk of a greater loss on itself and cannot now be heard to complain.

Affirmed.