COMPANHIA HIDRO ELECTRICA do
SAO FRANCISCO, Plaintiff,

v.

S/S "LOIDE HONDURAS", her engines,
boilers, etc., et al., Defendants.

COMPANHIA de NAVEGACAO LLOYD
BRASILEIRO (sued herein as Lloyd
Brasileiro), Defendant and Third-Party
Plaintiff,

v.

COURT CARPENTRY & MARINE
CONTRACTORS CO., INC.,
Third-Party Defendant.

No. 68 Civ. 1757.

United States District Court,
S. D. New York.

Jan. 8, 1974.

Thacher, Proffitt & Wood, New York City, for plaintiff; Dwight B. Demeritt, Jr., New York City, of counsel.

Crowell, Rouse & Varian, New York City, for defendants and third-party

plaintiff; Richard A. Hagen, New York City, of counsel.

McHugh, Heckman, Smith & Leonard, New York City, for defendant John W. McGrath Corp.; Maurice F. Beshlian, New York City, of counsel.

ROBERT J. WARD, District Judge.

Plaintiff Companhia Hidro Electrica do Sao Francisco ("Hidro") moves pursuant to Rule 12(f), Fed.R.Civ.P., for an order striking defendant Companhia de Navegacao Lloyd Brasileiro's ("Lloyd Brasileiro") alleged statutory defenses based upon §§ 4(2)(c) and 4(5) of the United States Carriage of Goods by Sea Act, 46 U.S.C. §§ 1304(2)(c) and (5) (referred to as "COGSA") on the ground that they are insufficient as a matter of law.

The case presents the usual situation of alleged damage to cargo. Plaintiff as consignee and owner of six Westinghouse gas circuit breakers seeks to recover from the vessel S/S Loide Honduras, her owner and operator, Lloyd Brasileiro, a New York loading stevedore and a New York marine carpentry firm for damage to five of the six circuit breakers allegedly incurred during a voyage from New York to Recife, Brazil, in April, 1967.

Defendant Lloyd Brasileiro asserts as a defense that its liability, if any, is limited to $500 per circuit breaker pursuant to paragraph 17 of its bill of lading restating the provisions of § 4(5) of COGSA which limit recovery to $500 per "package." Thus, this Court is once more faced with deciding one aspect of the troublesome problem of what constitutes a "package" within the terms of this section.

Most of the facts are not in dispute. Between April 13 and April 22, 1967, defendant Lloyd Brasileiro, as owner and operator of the S/S Loide Honduras, accepted six Westinghouse gas circuit breakers for carriage aboard the S/S Loide Honduras from New York to Recife, Brazil, and issued its clean, negotiable bill of lading No. 15, dated April 20, 1967. The freight paid for each of the circuit breakers was computed on the basis of the carrier's published tariff of $65 per customary freight unit of 40 cubic feet. Each of the six circuit breakers measured 239⅓ cubic feet as set forth in the bill of lading. Upon arrival at Recife, Brazil, five of the six circuit breakers were found to be damaged and impaired in value in excess of $500. Each circuit breaker, unwrapped and fully visible except for wooden crating covering an instrument panel at one end, was mounted on a form of steel base, the exact nature of-which is in dispute. Plaintiff contends that the base was a permanent part of the circuit breaker while defendant Lloyd Brasileiro takes the position either that the base was a temporary skid for the purpose of facilitating handling and delivery or that even if a permanent base of the circuit breaker it did, in fact, facilitate handling and delivery.

The Bill of Lading sets forth, *inter alia*, the following information:

| NO. OF PKGS | SHIPPER'S DESCRIPTION OF GOODS AID LOAN NO. 512–L–027 |
|---|---|
| 6 | PIECES |
| 6 | GRATES CIRCUIT BREAKERS |
| 26 | BOXES |

It is the second item which is the subject matter of this dispute.

As noted above, the circuit breakers were at least partially packaged. The standards to be applied in determining if a partially packaged item is a "package" within the meaning of § 4(5) of COGSA were set forth in Aluminios Pozuelo Ltd. v. S.S. Navigator, 407 F.2d 152 (2d Cir. 1968), where the Court of Appeals stated:

"The meaning of 'package' which has evolved from the cases can therefore be said to define a class of cargo, irrespective of size, shape or weight, to which some packaging preparation for transportation has been made which facilitates handling, but which does not necessarily conceal or completely enclose the goods." 407 F.2d at 155.

In *Aluminios, supra,* an eleven foot high, three-ton toggle press was bolted to a wooden skid which the Court found "served primarily to facilitate delivery so as to make the press an article 'put up * * * in a form suitable for transportation or handling.'" The Court concluded, therefore, that the skidded toggle press was a "package" as that term is used in § 4(5) of COGSA.

The Court of Appeals further held in *Aluminios* that where the Bill of Lading description of the item under the headings "NO. OF PKGS" and "SHIPPER'S DESCRIPTION OF PACKAGES AND GOODS" was "ONE (1) SKID MACHINERY—2812 (GROSS WEIGHT IN KILOS)—6200 (GROSS WEIGHT IN POUNDS),"

"* * * where the term 'package' for maritime shipping purposes has become a word of art and where by statute liability limitation consequences attach thereto, the parties must be presumed to have understood these consequences when they applied it to this Brobdingnagian package, the three-ton press. Their contract states their agreement. Having specified that the press was 'One (1)' package, they must abide by its meaning as a word of liability limitation." 407 F. 2d at 156.

In the instant case as well, the parties must abide by the description of the items in the Bill of Lading which clearly specified "NO. OF PKGS—6" so as to require limitation of liability. *See also,* Nichimen Company v. M.V. Farland, 462 F.2d 319, 335 (2d Cir. 1972), where the Court of Appeals again stated that

"[w]hile the description on the bill of lading is not controlling, Middle East Agency, Inc. v. The John B. Waterman, 86 F.Supp. 487, 491 (S.D.N.Y. 1949), it is important evidence of the parties' understanding, see Standard Electrica S.A. v. Hamburg Sudamerikanische Dampfschifffahrts-Gesellschaft, 375 F.2d 943, 946 (2d Cir.),

cert. denied, 389 U.S. 831, 88 S.Ct. 97, 19 L.Ed.2d 89 (1967)."

The Court also concludes that "some packaging preparation for transportation has been made [to the six circuit breakers] which facilitates handling;" *i. e.,* the crating of the instrument panels. In reaching this conclusion, the Court is cognizant of the contrary holding of Gulf Italia Company v. American Export Lines, Inc., 263 F.2d 135 (2d Cir. 1959). Although never expressly overruled, it appears to this Court that the reasoning which lay behind the opinion of the Court in *Gulf Italia, supra,* has been substantially undercut by later decisions. *E.g.,* Nichimen Company v. M.V. Farland, *supra;* Aluminios Pozuelo Ltd. v. S.S. Navigator, *supra.* Moreover, this Court finds persuasive the dissenting opinion in *Gulf Italia* of Judge Moore, who subsequently authored the opinion of the Court in *Aluminios.*

Any distinction between packaging preparation which facilitates handling and that which is protective as a ground for deciding if an item is a package within the terms of § 4(5) of COGSA does not commend itself to this Court. Hartford Fire Ins. Co. v. Pacific Far East Line, Inc., 320 F.Supp. 324 at n.2 (N.D.Cal.1970). *See, e. g.,* Aluminios Pozuelo, Ltd. v. S.S. Navigator, *supra,* 407 F.2d 152, 155; Standard Electrica, S.A. v. Hamburg Sudamerikanische, etc., 375 F.2d 943, 946 (2d Cir.), cert. denied, 389 U.S. 831, 88 S.Ct. 97, 19 L.Ed.2d 89 (1967), as examples of cases in which such a distinction is mentioned; however, it should be noted that such a distinction was not a sole ground of decision in these cases.

Packaging, to the extent that it protects the cargo, also facilitates its handling. As Judge Moore stated in his dissenting opinion in Gulf Italia Company v. American Export Lines, Inc., *supra,* 263 F.2d at 138,

"[h]ad a few additional pieces of lumber been placed around the tractor treads a package would concededly

have resulted, but this would have been a needless act because the treads themselves did not require protection. It would indeed be an anomolous situation if a shipper who had completely enclosed a tractor were limited to damages of $500 whereas another shipper could recover on a weight or size basis merely because he had allowed some indestructible part to protrude from the package."

In other words packaging for protection, whether complete or partial, should be considered as constituting a package within § 4(5) of COGSA. The Court of Appeals has recognized that packaging may serve a dual purpose so that the existence of another purpose "does not necessarily negate the possibility that it is also packaging preparation made to facilitate handling in transportation." Nichimen Company v. M.V. Farland, *supra*, 462 F.2d 319, 334; *but see* General Motors Corporation v. S.S. Mormacoak, 327 F.Supp. 666 (S.D.N.Y.), aff'd on other grounds, General Motors Corporation v. Moore-McCormack Lines, 451 F. 2d 24 (2d Cir. 1971).

■ The Court, therefore, concludes that each of the five allegedly damaged circuit breakers constituted a package within the terms of § 4(5) of COGSA. Liability, if any, is accordingly limited to $500 per circuit breaker. Having determined that the circuit breakers are packages, the Court need not determine what constituted a customary freight unit in this transaction. The motion to strike defendant Lloyd Brasileiro's defense based upon § 4(5) of COGSA, 46 U.S.C. § 1304(5) is accordingly denied.

■ Plaintiff has also moved to strike defendant Lloyd Brasileiro's defense of peril of the sea which exonerates the carrier from liability, § 4(2)(c) of COGSA, 46 U.S.C. § 1304(2)(c), as insufficient as a matter of law. Even if the admissions of fact made by defendant Lloyd Brasileiro are sufficient standing alone to require a finding that defendant is not exonerated from liability because of a peril of the sea, an issue which the Court does not now decide, defendant Lloyd Brasileiro should be given the opportunity to present any evidence it has on this factual issue that damage, if any, to the circuit breakers was due to a peril of the sea. This portion of the motion to strike is also denied.

It is so ordered.