**SOLAR TURBINES INCORPORATED and Solar Turbines International Co., Plaintiffs,**

v.

**MV "ALVA MAERSK", her engines, boilers, etc.**

v.

**MAERSK LINE and A/S D/S Svendborg n D/S af, Defendants.**

**No. 82 Civ. 5598 (RJW).**

United States District Court, S.D. New York.

Aug. 10, 1983.

---

Bigham, Englar, Jones & Houston, New York City (John E. Cone, Jr., Helen M. Benzie and K. Catherine Albano, New York City, of counsel), for plaintiffs.

Freehill, Hogan & Mahar, New York City (James L. Ross, New York City of counsel), for defendants.

## MEMORANDUM DECISION

ROBERT J. WARD, District Judge.

Plaintiffs bring this action to recover for damages sustained to an air exchange unit during transport from Long Beach, California to Signapore. Pursuant to Bill of Lading No. LSAD–58080, dated September 14, 1981, the unit was shipped aboard defendants' vessel, the MV "Alva Maersk." Defendants now move for partial summary judgment, pursuant to Rule 56(b), Fed.R. Civ.P., seeking to limit their potential liability as cargo carriers to $500, pursuant to 46 U.S.C. § 1304(5), which is section 4(5) of the Carriage of Goods by Sea Act ("COG-SA"), 46 U.S.C. § 1300 *et seq.* For the reasons hereinafter stated, defendants' motion is granted in part and denied in part.

Plaintiffs have asserted three grounds upon which they argue that defendants are not entitled to partial summary judgment limiting liability to $500. First, plaintiffs argue that the air exchange unit is not a "package" within the meaning of COGSA section 4(5).[1] Second, they argue that the damage to the unit did not or may not have occurred during "carriage" of the unit, and that there is therefore at least a factual dispute as to the applicability of section 4(5). Finally, plaintiffs contend that defendants engaged in an unreasonable devi-

ation during transport, and thereby waived the limitation on their liability created by section 4(5).

As to plaintiff's first argument, that the air exchange unit in question is not a "package" within the terms of COGSA, the Court finds that there exists no genuine dispute as to any material issue of fact, and that defendants are entitled to judgment as a matter of law. As to plaintiffs' second two arguments, however, the Court finds that there remain disputed issues of material fact. Consequently, defendants are not entitled to partial summary judgment at this time.

## I

Large partially covered pieces of machinery have repeatedly posed problems for courts attempting to construe the term "package" as used in COGSA. It has generally been held in this Circuit that where large pieces of machinery are completely uncovered, they are not to be considered packages. *Petition of Isbrandtsen Co.,* 201 F.2d 281, 286 (2d Cir.1953); *Stirnimann v. The San Diego,* 148 F.2d 141 (2d Cir.1945); *Middle East Agency v. The John B. Waterman,* 86 F.Supp. 487, 492 (S.D.N. Y.1949); *see also Aluminios Pozuelo Ltd. v. S.S. Navigator,* 407 F.2d 152, 155 (2d Cir.1968). However, the treatment of partially covered packages has been more complicated. The central criterion that has been focused upon by courts of this Circuit is whether "some packaging preparation for transportation has been made which facilitates handling, but which does not necessarily conceal or completely enclose the goods." *Nichimen Co. v. M.V. Farland,* 462 F.2d 319, 334 (2d Cir.1972) quoting *Aluminios Pozuelo Ltd. v. S.S. Navigator, supra,* 407 F.2d at 155; *Companhia Hidro Electrica v. S/S "Loide Honduras,"* 368 F.Supp. 289, 290 (S.D.N.Y.1974).

---

1. In pertinent part, COGSA section 4(5) provides:

 Neither the carrier nor the ship shall in any event be or become liable for any loss or damage to or in connection with the transportation of goods in an amount exceeding $500 per package lawful money of the United States, or in case of goods not shipped in packages, per customary freight unit, ... unless the nature and value of such goods have been declared by the shipper before shipment and inserted in the bill of lading.

In the instant case, it is clear that the air exchange unit was partially packaged in preparation for transportation. The unit measured 42' by 160" by 114",[2] and weighed approximately 11.8 tons. The top of the unit as well as the two motors at the bottom were covered with wooden crating specifically for shipping. This crating was placed on the unit by professional craters in preparation for ocean transport.

One analytic distinction that has occasionally been addressed by courts faced with the instant issue appears to have deservedly fallen into disfavor. That is the distinction between packaging to facilitate transport and packaging for protection or storage. Plaintiffs here argue that the air exchange unit was packaged only for protection, and place great reliance on their contention that the unit was not mounted on a skid.[3] The packaging in this case was plainly undertaken for both transportation and protection. Courts have repeatedly recognized that packaging often serves more than one function, and that attempts to artificially classify the single purpose of some portion of packaging are not sound policy. *See Hartford Fire Ins. Co. v. Pacific Far East Line*, 491 F.2d 960, 965 (9th Cir.), *cert. denied*, 419 U.S. 873, 95 S.Ct. 134, 42 L.Ed.2d 112 (1974); *Nichimen Co. v. M.V. Farland, supra*, 462 F.2d at 334–35; *Companhia Hidro Electrica v. S/S "Loide Honduras," supra*, 368 F.Supp. at 291–92.[4]

■ The conclusion that the instant air exchange unit should be treated as a package within the terms of COGSA is bolstered by the Bill of Lading and other shipping documentation used in connection with transport. The Bill of Lading describes the shipment that included the air exchange unit as "14 boxes," as does the shipper's export declaration. The courts of this Circuit have repeatedly looked to the bill of lading in COGSA cases as expressing the contractual intent of the parties. *See Allied Int'l Am. Eagle Trading Corp. v. S.S. "Yang Ming,"* 672 F.2d 1055, 1060–63 (2d Cir.1982); *Mitsui & Co. v. American Export Lines*, 636 F.2d 807, 816 (2d Cir.1981); *Cameco, Inc. v. S.S. American Legion*, 514 F.2d 1291, 1297 (2d Cir.1974); *Nichimen Co. v. M.V. Farland, supra*, 462 F.2d at 334–35; *Aluminios Pozuelo Ltd. v. S.S. Navigator, supra*, 407 F.2d at 156. These cases have not rigidly required the use of the actual word "package," but have applied a more reasoned approach to the bill of lading. *See Cameco, Inc. v. S.S. American Legion, supra*, 514 F.2d at 1293 (cargo described as "cartons"); *Nichimen Co. v. M.V. Farland, supra*, 462 F.2d at 334–35 (cargo described as "coils"); *Derby & Co. v. SS Aconcagua II*, 81 Civ. 4749 (GLG), *slip op.* at 4–5 (S.D.N.Y. July 12, 1982) (cargo described as "bundles"). Under the law of this Circuit, the description of the air exchange unit as one of fourteen "boxes," under a heading requesting "NO. OF PKGS.," indicates that the parties intended to contract for the shipment of a package as defined under COGSA.[5] The

---

**2.** Affidavit of John E. Cone, Jr. ¶ 4 (Mar. 18, 1983); Plaintiff's Exhibit G. Although defendants originally stated that the dimensions of the unit were approximately 35' by 13' by 115," *see* Defendants' Statement Pursuant to Rule 3(g) ¶ 12 (March 14, 1983), they now apparently accept plaintiffs' description of the dimensions, *see* Defendants' Reply Memorandum at 16–17 (Mar. 25, 1983). These differences are not large enough to affect the issue of whether the unit was a "package." However, to the extent that they may affect the question of whether carriage of the unit in an on-deck containerized flat constituted an unreasonable deviation, the Court makes no finding at this time as to the precise length of the unit.

**3.** In fact the unit here was mounted on a steel base, Defendants' Exhibit 10, although the par-

ties dispute whether the base was a permanent part of the unit.

**4.** Plaintiffs have strongly relied on *Gulf Italia Co. v. American Export Lines*, 263 F.2d 135 (2d Cir.), *cert. denied*, 360 U.S. 902, 79 S.Ct. 1285, 3 L.Ed.2d 1254 (1959), in which a partially covered tractor was held not to be a package. This Court has previously observed, however, that the reasoning of the court in the *Gulf Italia* case has been "substantially undercut by later decisions." *Companhia Hidro Electrica v. S/S "Loide Honduras," supra*, 368 F.Supp. at 291; *see Nichimen Co. v. M.V. Farland, supra; Aluminios Pozuelo v. S.S. Navigator, supra*.

**5.** Other shipping documentation also supports this conclusion. *See Standard Electra, S.A. v.*

Court concludes, therefore, that both the intention of the contracting parties and the physical description of the air exchange unit unambiguously support the conclusion that the air exchange unit must be deemed a "package" for the purposes of COGSA.

## II

■ Having concluded that the air exchange unit in question was a "package" for the purposes of COGSA section 4(5), the Court faces the issue of whether COGSA was applicable to the circumstances under which the unit was actually damaged. On its own terms, COGSA applies "from the time when the goods are loaded on to the time when they are discharged from the ship." 46 U.S.C. § 1301(e). Defendants contend that the unit was damaged during discharge, and that they are therefore entitled to partial summary judgment. Plaintiffs, however, contend that their discovery to date has been inadequate to enable them to establish when, how, and where the damages to the unit took place. Specifically, plaintiffs suggest that the unit may have been damaged subsequent to discharge, while being moved on a pier. Affidavit of John E. Cone, Jr. ¶ 7 (Mar. 18, 1983).

Following a pre-trial conference with the parties held on July 21, 1983, the Court has decided to deny summary judgment on this issue at this time, in order that the parties may undertake additional discovery regarding the circumstances under which the unit was damaged.

## III

Plaintiffs final contention is that the transportation of the unit on the deck of the MV "Alva Maersk," rather than below deck, deprived defendants of the limitation on their liability under COGSA section 4(5). First, plaintiffs contend that on-deck transport in a containerized flat constituted an unreasonable deviation by defendants, and thus constituted a breach of the contract of carriage under the terms of COGSA section 4(4),[6] thereby waiving defendants' rights to limitation of liability under section 4(5). The nexus by which this alleged deviation is said to have caused the damage to the air exchange unit is obscure. Second, plaintiffs argue that COGSA simply does not apply to cargo shipped on deck.

■ Following the above-mentioned pre-trial conference of July 21, 1983, the Court has concluded that this matter would likewise benefit from additional discovery. Consequently, summary judgment is also denied at this time on the question of whether the on-deck transport of the air exchange unit precludes the limitation of defendants' liability pursuant to COGSA section 4(5).

## CONCLUSION

Defendants motion for partial summary judgment limiting their liability to $500 is granted in part and denied in part. The Court holds that the damaged air exchange unit in question was a "package" for the purposes of COGSA section 4(5), and grants summary judgment on that issue. The Court denies summary judgment, however, as to whether the circumstances under which the damage occurred entitled

---

*Hamburg Sudamerikanische Dampfschifffahrts-Gesellschaft,* 375 F.2d 943, 946 (2d Cir.), *cert. denied,* 389 U.S. 831, 88 S.Ct. 97, 19 L.Ed.2d 89 (1967). The air exchange unit was listed as one of several "packages" on plaintiffs' trucker's freight bill and Bill of Lading, as well as on the delivery list bills used in Singapore. Defendants' Exhibits 6–8. The invoices used by plaintiffs' professional packer and plaintiffs' freight forwarder also described the unit as a "box." Defendants' Exhibits 4–5.

**6.** COGSA section 4(4) permits only reasonable deviations:

> Any deviation in saving or attempting to save life or property at sea, or any reasonable deviation shall not be deemed to be an infringement or breach of this chapter or of the contract of carriage, and the carrier shall not be liable for any loss or damages resulting therefrom: *Provided, however,* That if the deviation is for the purpose of loading or unloading cargo or passengers it shall, prima facie, be regarded as unreasonable.
>
> 46 U.S.C. § 1304(4).

**36**

defendants to a $500 limit on their liability, and as to whether on-deck transport of the unit rendered the $500 liability limit inapplicable. This denial in part is without prejudice to the bringing of another motion for partial summary judgment subsequent to the completion of discovery. The parties are directed to complete all discovery by September 30, 1983, and to submit either a joint pre-trial order or a new motion for partial summary judgment by October 28, 1983.

It is so ordered.