AGRICO CHEMICAL COMPANY and Continental Insurance Company, Plaintiffs-Appellees,

v.

S/S ATLANTIC FOREST et al., Defendants,

Eurogulf Lines, Inc., d/b/a Central Gulf Contramar Line, Defendant-Appellant.

No. 79–1972.

United States Court of Appeals, Fifth Circuit.

June 30, 1980.

Rehearing Denied Aug. 20, 1980.

Edward J. Koehl, Jr., New Orleans, La., for defendant-appellant.

R. A. Redwine, New Orleans, La., for plaintiffs-appellees.

Before GOLDBERG, TATE and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

The defendant appeals the district court judgment holding it liable for losses to the plaintiff due to short and damaged cargo. We affirm the judgment of the district court.

The defendant Central Gulf had contracted to carry a load of urea from Rotterdam, Holland to New Orleans, Louisiana for the plaintiff, Agrico Chemical Company. The parties agreed upon an optional mode bill of lading, which permitted the carrier to elect between carriage by the LASH (Lighter Aboard Ship) system of transportation and carriage on general ships. Central Gulf opted for the LASH system and loaded the urea aboard the LASH barge CG–063, which was then to be towed to and loaded aboard the S/S ATLANTIC FOREST, its mother vessel, for the ocean voyage. After the urea was loaded on the barge and while it was still moored to a pontoon in the harbor, LASH barge CG–063 was hit by a Central Gulf barge in tow of a negligently-operated Zwaak tug. Central Gulf had a contract with Zwaak for harbor towage and servicing (towing of the LASH barges to their mother vessels); this collision occurred while Zwaak was performing that contract with respect to barges unconnected with performance of the contract between the carrier and the plaintiff Agrico. The result of the collision was a below waterline hole in the LASH barge CG–063 that caused damage to and loss of part of Agrico's shipment of urea. Agrico and its compensation carrier, Continental Insurance Company, sued to recover the damages and received judgment in the trial court.

The facts with respect to this accident are not in dispute. It is likewise agreed that the claim is governed by the Carriage of Goods by the Sea Act (COGSA), 46 U.S.C. § 1300 et seq. The defendants asserted in the alternative two legal defenses: the "error in navigation" defense under 46 U.S.C. § 1304(2)(a) and the "Q clause" defense under 46 U.S.C. § 1304(2)(q). The district court denied the first defense because the error in navigation that caused the collision was not that of the laden vessel. The court also denied exoneration through clause (q), which was urged on the basis of Zwaak's status as an independent contractor and the consequent lack of "actual fault and privity" on the part "of the carrier [or] the agents or servants of the

carrier." 46 U.S.C. § 1304(2)(q). The court found exoneration unavailable because of the contractual relationship between the carrier and the negligent tug that was performing its contract with the carrier at the time of the collision and the carrier's non-delegable duties under § 1303(2).[1] The district court limited liability, under 46 U.S.C. § 183, to the value of the ATLANTIC FOREST, the LASH barges consigned to the voyage with the plaintiff's load of urea and the pending cargo of the barges and mother vessel at the time.

The defendants ask this court to reverse the district court's decision that neither of the defenses asserted under COGSA applies or, in the alternative, to reverse the liability limitation on the basis that the value of only the LASH barge CG–063 and its pending cargo should have comprised the limitation fund. For the reasons stated by the district court, we find no merit in these contentions. Accordingly, we adopt the opinion of the district court and AFFIRM the judgment below, *Agrico Chemical Co. v. S/S Atlantic Forest*, 459 F.Supp. 638 (E.D. La.1978).

AFFIRMED.

---

1. "The carrier shall properly and carefully load, handle, stow, carry, keep, care for, and discharge the goods carried." 46 U.S.C. § 1303(2).