WUERTTEMBERGISCHE AND BAD-
ISCHE VERSICHERUNGS–AKTIEN-
GESELLSCHAFT,        Plaintiffs-Appel-
lants,

v.

M/V STUTTGART EXPRESS, her
engines, boilers, etc., et al.,
Defendants-Appellees.

No. 82–3452.

United States Court of Appeals,
Fifth Circuit.

Aug. 8, 1983.

Rehearing and Rehearing En Banc
Denied Nov. 14, 1983.

Machale A. Miller, New Orleans, La., for plaintiffs-appellants.

Chaffe, McCall, Phillips, Toler & Sarpy, Harvey G. Gleason, Kenneth J. Servay, New Orleans, La., for defendants-appellees.

Before WILLIAMS and JOLLY, Circuit Judges, and WILL *, District Judge.

PER CURIAM:

This case involves the $500 package limitation contained in Section 4(5) of the Carriage of Goods by Sea Act, 46 U.S.C. § 1304(5), and the obligation upon the carrier of the goods to make available adequate opportunity to the shipper to increase the liability valuation.

Plaintiff-appellant, Wuerttembergische and Badische Versicherungs-Aktiengesellschaft (shipper), brought this suit for cargo loss *in rem* and *in personam* against the M/V STUTTGART EXPRESS and Hapag-Lloyd Aktiengesellschaft, the vessel's owner. Plaintiff-appellant is the underwriter of the cargo and defendant-appellee is Hapag-Lloyd (carrier). The facts were stipulated. Plaintiff's assured was the owner of a winding block for a nuclear reactor. It contracted with the carrier to ship the block from Antwerp, Belgium, to Norfolk, Virginia. The block was fully enclosed in a shipping crate. During the course of the loading in Antwerp, stevedores hired by the carrier negligently caused the crate to fall off the container flat resulting in a total loss of $193,791, the CIF value of the cargo. While Hapag-Lloyd concedes the amount of shipper's damage, it admits liability only to the amount of $500 pursuant to the package limitation contained in Section 4(5) of COG-SA.

---

* District Judge of the Northern District of Illinois, sitting by designation.

There is no question but that COGSA is applicable to the shipment since it originated in a foreign port with intended delivery to the United States. 46 U.S.C. § 1300. The issue raised in the suit is whether the $500 package limitation in COGSA is applicable to this particular loss under the bill of lading issued by the carrier and the text of the tariff which the carrier has on file with the Federal Maritime Commission.

COGSA provides that the carrier must offer the shipper an opportunity to avoid the $500 per package limitation of liability. Shipper claims that the option was not offered in this case to comply with the COGSA requirement because the bill of lading and the tariff did not adequately inform shipper of optional freight rates applicable to shippers who did not wish to be limited by the $500 package limitation.

This case needs no extended discussion. It is controlled by our decision in *Brown & Root, Inc. v. M/V PEISANDER,* 648 F.2d 415 (5th Cir.1981). As we point out in that case, the key conclusion which we reach is that the published tariff of the carrier is law and is controlling. In that case the published tariff clearly gave the shipper a choice of valuations. In this case the tariff is in terms incorporated in the bill of lading. The tariff specifically "offers shippers a choice of freight rates dependent upon whether the shipment is made subject to Bill of Lading limit of value, or at a higher limit of value, . . . ." The tariff then states the rates and goes ahead to state a specific rate in case of a higher declared value. While the bill of lading states the value as "invoice value," it is well established that such a provision cannot apply to alter the COGSA package limitation. COGSA controls the shipment and must supersede any contrary provision of the bill of lading. 46 U.S.C. § 1300; *PEISANDER, supra,* 648 F.2d at 420. The COGSA limitation is the valuation applicable unless a higher value has been selected with payment of higher freight or, as is claimed here, the option to place a higher value was not given.

Appellant cites cases in the United States Court of Appeals for the Ninth Circuit which require that the bill of lading must on its face contain provision for declaration of value to escape the package limitation of liability. *Pan Am. World Airways v. California Stevedore & Ballast Co.,* 559 F.2d 1173 (9th Cir.1977); *Nemeth v. General Steamship Corp. Ltd.,* 694 F.2d 609 (9th Cir.1982).

In contrast to this position of the Ninth Circuit, after thorough consideration, we have firmly established the position in *PEISANDER* that the option need not be included on the face of the bill of lading. 648 F.2d at 425. Further, we concluded that the shipper carries the burden of proving that an opportunity for choice of evaluations and rates did not in fact exist. 648 F.2d at 424. As to the burden of proof issue, we are in agreement with the position of the United States Court of Appeals for the Second Circuit. *Petition of Isbrandtsen Co.,* 201 F.2d 281, 285 (2d Cir.1953).

Under COGSA the valuation per package was $500. The option to increase valuation by declaration and paying a higher freight was clear in the tariff which was in terms incorporated into the bill of lading. The option not having been expressed, the $500 per package limitation applies.

In the light of these considerations we must conclude that the district court was correct in limiting carrier's liability to $500.

AFFIRMED.