GEBR. BELLMER KG., Plaintiff-Appellant Cross-Appellee,

v.

TERMINAL SERVICES HOUSTON, INC., Defendant-Appellee Cross-Appellant.

No. 81–2387.

United States Court of Appeals, Fifth Circuit.

Aug. 8, 1983.

Rehearing and Rehearing En Banc Denied Oct. 3, 1983.

Baker & Botts, William C. Bullard, Kathryn Vanderbeck Smyser, Frank G. Harmon, Houston, Tex., for plaintiff-appellant cross-appellee.

Vinson & Elkins, Eugene J. Silva, Henry S. Morgan, Jr., G. Byron Sims, Houston, Tex., for Terminal Serv.

Before WILLIAMS and JOLLY, Circuit Judges, and WILL,[*] District Judge.

PER CURIAM:

This is a companion case to *Wuerttembergische and Badische Versicherungs-Aktiengesellschaft v. M/V STUTTGART EXPRESS,* 711 F.2d 621 (5 Cir.1983) decided this day. It raises the same issue involving the obligation under Section 4(5) of the Carriage of Goods by Sea Act, 46 U.S.C. § 1304(5), to offer the option to a shipper to increase the valuation of the cargo being shipped to escape the $500 per package limitation on liability contained in that statute. The case involves two additional issues, as the facts as found

---

[*] District Judge of the Northern District of Illinois, sitting by designation.

by the district court, 523 F.Supp. 941, will show.

In this case the damage to the goods which led to the claim of liability against the carrier took place upon the unloading of the goods in the Port of Houston after shipment from Hamburg, Germany. The cargo consisted of two wastewater treatment machines, known as Bellmer Winklepressen, manufactured by Gebr. Bellmer Kg. (Bellmer) and shipped by Bellmer from Hamburg to Houston en route to Pryor, Oklahoma. The carrier was the S.S. LUDWIGSHAVEN, owned by·Hapag-Lloyd.

Upon arrival of the S.S. LUDWIGSHAVEN in Houston, the unloading of the cargo was undertaken by stevedore Young & Co. and by Terminal Services Houston, Inc. (TSHI). Both of these companies were hired by carrier's representative Biehl & Co.

Young personnel performed the stevedoring in removing the cargo from the ship and placing it on trailers. The Paceco crane used to lift the containers was leased from TSHI and TSHI also provided the crane operators. Other employees of TSHI, driving yard-hustler type trucks, brought trailers to the ship and positioned them to receive the cargo. When the trailers were loaded, the carrier's agent, Biehl, directed the drivers as to where the cargo should be taken within the staging area.

The Winklepressen shipment consisted of four containers. They were loaded upon a tractor and chassis. This load of four containers was being driven by a TSHI employee to the particular staging area designated by the shipper's agent where the goods would cease to be in the possession of the carrier. While en route, the cargo fell off the trailer, and the Winklepressen were damaged beyond repair.

The suit by the shipper, Bellmer, was brought against the stevedores Young & Co. and Terminal Services Houston, Inc., and against Biehl & Co., the carrier's agent. Defendants claim a limit of liability of $500 per package, a total of $2,000, under the provisions of COGSA and absent an election to state increased liability and payment of

additional freight by Bellmer. Because the claim is made by Bellmer against the stevedores, the issue of the applicability of the Himalaya Clause in the bill of lading is also at issue. In addition, TSHI submits that the finding of exclusive negligence on its part is clearly erroneous as contrary to the weight of the evidence.

The district court found the $500 per package limitation of COGSA applicable, found that under the Himalaya Clause the limitation could be claimed by the stevedores, and found that stevedore Young was not negligent but that the negligence of TSHI was the sole cause of the loss to Bellmer.

I.

The provisions of the bill of lading and the tariff involved in this case are for all practical purposes identical with those involved with the companion case of *Wuerttembergische and Badische Versicherungs-Aktiengesellschaft*. Under the opinion which we hand down today in that case, we find *Brown & Root, Inc. v. M/V PEISANDER*, 648 F.2d 415 (5th Cir.1981), fully controlling. Adequate opportunity was given the shipper Bellmer to relieve itself of the $500 per package liability by the provisions of the tariff with reference in the bill of lading. The use of the term "invoice price" as the value of the shipment in the bill of lading must, in accordance with *PEISANDER*, yield to COGSA which "governs and overrules any clause of the bill of lading in conflict with the statute." 648 F.2d at 420. The district court was correct in applying the COGSA $500 per package limitation to the liability which Bellmer could claim as the result of the damage to the goods which it shipped.

II.

The additional question raised by Bellmer in this case grows out of the Himalaya Clause in the bill of lading. The issue is whether under the Himalaya Clause the stevedores, particularly TSHI, can claim the benefit of the COGSA limitation. The

clause in this bill of lading is a typical Himalaya Clause and reads as follows:

No. 3. It is hereby expressly agreed that to the extent of the stipulation in this clause the carrier shall be deemed to be acting as agent on behalf of or trustee for the benefit of all other persons named in this clause and that the servants, employees and agents of the carrier shall not be liable whether in contract or in tort in their present capacity for any loss of or damage or delay of the goods whatsoever and wheresoever arising and that without prejudice to the foregoing every exemption, limitation, liberty and immunity, whether printed, written or incorporated by reference which under this bill of lading contract apply to the carrier, shall in all respects enure also for the benefit of the servants, employees and agents of the carrier as well as such independent contractors, including their servants, employees and agents, whose services the carrier from time to time may engage in the operation of the vessel or any other means of transportation including loading, discharging, and all services in connection herewith.

The district court properly found that TSHI was an independent contractor within the meaning of this clause.

The *PEISANDER* case, *supra,* is also controlling on this issue. In that case we found that the stevedores had the same right to claim the $500 per package limitation as does the carrier. 648 F.2d at 423, 425. That holding resolves the basic issue of the role of the Himalaya Clause extending the $500 per package limitation to stevedores.

Bellmer makes the additional claim that TSHI is not in the position to claim the benefits of the Himalaya Clause because that clause is limited to independent contractors "engaged by the carrier". The facts reveal that the carrier's agent, Biehl, notified Young & Co., one of the stevedores and that an employee of Young & Co. phoned TSHI to notify it of the needed services.

The district court made the specific finding that the carrier's agent, Biehl, had hired TSHI as well as Young & Co. We cannot conclude that this finding of fact by the district court is clearly erroneous. Young & Co., the stevedore, and Biehl & Co. have ownership in common, occupying the same office and telephone number. The personnel conducting the unloading operation were a mixture of Young & Co., TSHI and Biehl & Co. employees. The orders to the TSHI drivers were usually given by Biehl employees. The evidence also revealed that TSHI's owners represent various steamship lines and stevedoring companies in the Houston Ship Channel area. Its principal business is the marshalling of ocean containers in a holding area where the containers await loading onto a ship or delivery to the consignee. The district court recognized that TSHI is usually employed directly by the steamship line or its agent. In evaluating the relationship between the agent in this case, Biehl, and the other stevedore, Young, the district court concluded that the hiring of TSHI was actually by Biehl.

A contrary conclusion would be unrealistic under the facts of this case. The evidence shows that TSHI employees were acting under the direction of shipper's agent directly in many instances of the unloading process and in the precise instance of the direction given the driver of the particular tractor chassis carrying the load which was damaged. In addition, we recognize that any company must act through some kind of agent. In this case Young obviously acted as agent for Biehl in hiring TSHI. TSHI was, therefore, hired by the carrier and worked for the carrier. There is no serious question but that TSHI was hired as an independent contractor to serve the carrier's agent and did do so.

We find that the district court was correct in finding that the limitation of liability could be claimed by TSHI under the Himalaya Clause contained in the bill of lading.

### III.

 TSHI files a cross-appeal claiming that the facts do not support the holding that its negligence was the sole cause of the loss to the shipper, Bellmer. On this issue we have reviewed the evidence, and we conclude that the findings of the district court are supported by the evidence and are not clearly erroneous. It is without dispute that the loss was occasioned while the TSHI driver was moving the cargo. Shipper established a prima facie case. TSHI did not carry the burden of answering the prima facie case. It raised speculative theories concerning the center of gravity of the load and added the conjecture of an expert witness as to a possible cause of the accident being an unbalanced load. The credibility and persuasiveness of the witnesses is for the trial court to decide. There was adequate evidence introduced by shipper to support the conclusion that the sole cause of the loss was attributable to the negligence of TSHI.

The decision of the district court is

AFFIRMED.