## FIRST NATIONAL BANK & TRUST COMPANY OF CUSH-ING, OKLAHOMA (formerly the First National Bank of Cushing, Oklahoma), Plaintiff

v.

## HESS OIL VIRGIN ISLANDS CORP., Defendant

Civil No. 80/337

District Court of the Virgin Islands

Div. of St. Thomas and St. John

August 23, 1984

FREDERICK G. WATTS, ESQ. (LOUD, WATTS & MURNAN), St. Thomas, V.I., *for plaintiff*

JAMES H. HINDELS, ESQ. (BIRCH, DEJONGH & FARRELLY), St. Thomas, V.I., *for defendant*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

Before the Court is the motion of plaintiff for summary judgment. Plaintiff Bank seeks a limitation of liability pursuant to the Carriage of Goods by Sea Act, 46 U.S.C. §§ 1301–1315 (COGSA).

Plaintiff holds title to the accounts receivable of International Marine Transport Service, Inc. (IMTS), a Virgin Islands corporation engaged in the business of carrying goods by sea to, from, and between the Virgin Islands. Defendant hired IMTS to carry 3 tank trailers aboard the M/V INAGUA SOUND from San Juan, Puerto Rico, to St. Croix, Virgin Islands. Somewhere en route, the 3 tank trailers were damaged. Defendant offset its claimed damages against sums due IMTS. Plaintiff now sues to recover this account receivable.

## THE CONTRACT OF CARRIAGE

Defendant, as shipper, was issued three short form bills of lading from IMTS, as carrier, one for each of the tank trailers. Printed on each short form bill of lading was a provision which stated in part,

> This short form Bill of Lading is issued subject to the provisions of the United States Carriage of Goods by Sea Act of 1936 and carrier's freight tariff. All of the terms of the carrier's regular long form bill of lading are incorporated with like force and effect as if they were written at length herein. The long form Bill of Lading is filed with the Federal Maritime Commission and a copy of such long form Bill of Lading may be obtained

upon request from the carrier, its agents or the Master. The attention of the shipper is called to the fact that the carrier's regular long form Bill of Lading contains certain clauses which differ from the provisions of the United States Carriage of Goods by Sea Act of 1936.

COGSA contains, at section 1304(5), the following limitation of liability clause:

Neither the carrier nor the ship shall in any event be or become liable for any loss or damage to or in connection with the transportation of goods in an amount exceeding $500 per package lawful money of the United States, or in case of goods not shipped in packages, per customary freight unit, or the equivalent of that sum in other currency, unless the nature and value of such goods have been declared by the shipper before shipment and inserted in the bill of lading. This declaration, if embodied in the bill of lading, shall be prima facie evidence, but shall not be conclusive on the carrier . . . .[1]

Rule 308 of IMTS's tariff on file with the Federal Maritime Commission states:

*APPLICATION OF RATES ON SHIPMENTS EXCEEDING LIMITATION OF LIABILITY STIPULATED IN CARRIER'S BILL OF LADING.*

A. The liability of the carrier as to the value of shipments at the rates herein provided shall be determined in accordance with the Provisions of Carriers Bill of Lading.

B. If the shipper desires to be covered for a valuation in excess of that allowed under the Provisions of carriers Bill of Lading, the shipper must so stipulate in Carrier's Bill of Lading covering such shipments and such additional liability only will be assumed by the carrier at the request of the shipper and upon payment of an additional charge of two (2%) percent of the total declared valuation in addition to the stipulated rates applying on the commodities shipped as specified herein.

---

[1] COGSA does not apply ex proprio vigore to the contract for carriage herein because it is a contract for carriage between two United States possessions. However, the parties, by expressly making the contract subject to the provisions of COGSA, made COGSA apply "as fully as if subject [thereto] by the express provisions of [the Act]." 46 U.S.C. § 1312. Therefore, if any of the provisions of the bill of lading are in conflict with COGSA, those provisions are invalid. Brown and Root, Inc. v. M/V PEISANDER, 648 F.2d 415 (5th Cir. 1981); Gilmore and Black Law of Admiralty § 3.25 at 148 (2d ed. 1975).

Clause 22 of IMTS's long form bill of lading (also known as a regular form bill of lading) reads in part:

VALUATION

In the event of any loss, damage or delay to or in connection with goods exceeding in an actual value $500 per package, lawful money of the United States, or in case of goods not shipped in packages, per customary freight unit, freight unit, as the case may be, and the carrier's liability, if any, shall be determined on the basis of a value of $500 per package or customary Freight unit, unless the nature and a higher value shall be declared by the shipper in writing before shipment and inserted in this Bill of Lading.

If value higher than $500 shall have been declared in writing by the shipper upon delivery to the carrier and inserted in the Bill of Lading and extra freight paid, if required, and in such case if the actual value of the goods per package or per customary freight unit shall exceed such declared value, the value shall nevertheless be deemed to be the declared value and the carrier's liability, if any, shall not exceed the declared value and any partial loss or damage shall be adjusted prorata on the basis of such declared value.

The word "package" shall include any container, vehicle, pieces and all articles except goods shipped in bulk. Where goods are shipped in bulk, the trailer or other container in which said bulk goods are transported shall be deemed to be the "package".

Plaintiff, citing the above provisions, argues that the tank trailers involved herein are "packages" within the meaning of COGSA and that the liability of IMTS for damages to the tank trailers and their contents is limited to $500 per package. Defendant, on the other hand, contends that plaintiff is not entitled to assert the COGSA limitation of liability provision nor the similar provisions contained in the IMTS tariff and regular bill of lading. Further, Defendant maintains that the tank trailers are not COGSA packages.

DISCUSSION

The underlying purposes of COGSA were to achieve a balancing of the interests of the carrier, on the one hand, and the shipper, on the other, and to effectuate a standard and uniform set of provisions for ocean bills of lading. See Robert C. Herd & Co. v. Krawill Machinery Corp., 359 U.S. 297 (1959). As part of that bal-

ance, 46 U.S.C. § 1304(5) (above quoted) limits a carrier's liability to $500 per package unless the shipper declares the value of the goods and inserts it in the bill of lading. However, as an important restriction on the carrier's right to so limit its liability, and to guarantee that carriers respect the statutory option to declare a higher value, the carrier is required to give the shipper a "fair opportunity" to choose between a higher or lower liability by paying a correspondingly greater or lesser freight charge. New York, New Haven & Hartford Railroad Co. v. Nothnagle, 346 U.S. 128 (1953); Komatsu, Ltd. v. States Steamship Co., 674 F.2d 806 (9th Cir. 1982); Sommer Corporation v. Panama Canal Co., 475 F.2d 292 (5th Cir. 1973). Express recitation in a bill of lading of the limitation of liability provision of COGSA, or similar language, is prima facie evidence that the shipper was given a fair opportunity to choose a higher liability. Komatsu, supra, 674 F.2d at 809. Pan Am World Airways v. California Stevedore and Ballast Co., 559 F.2d 1173 (9th Cir. 1977). Some courts have held that no express recitation of COGSA is necessary, but that a bill of lading need only incorporate COGSA by reference. Wverttembergische and Badische Versicherungs-Aktiengesellschaft v. M/V STUTTGART EXPRESS, 711 F.2d 621 (5th Cir. 1983); Brown & Root v. M/V PEISANDER (5th Cir. 1981); Shackman v. Cunard White Star, Ltd., 31 F.Supp. 948 (S.D.N.Y. 1940). See also Petition of Isbrandtsen Co., 201 F.2d 281 (2d Cir. 1953) (where one bill of lading incorporated a second bill of lading by reference, and only second bill of lading contained COGSA-style limitation provision, held that first bill of lading gave required notice of "fair opportunity" to declare higher value).[2] Such a prima facie showing then shifts the burden to the shipper to demonstrate that no choice of rates was actually available. Komatsu, supra, 674 F.2d at 809; Tessler Bros. (B.C.) Ltd. v. Italpacific Line, 494 F.2d 438, 443 (9th Cir. 1974); M/V STUTTGART EXPRESS, supra, 711 F.2d at 622. Even relying on the stricter test resorted to by the Ninth Circuit Court of Appeals in Pan Am World Airways and Komatsu, we hold that Clause 22 of the IMTS regular bill of lading imparts sufficient notice to a shipper that it has the opportunity to increase the liability of the carrier by declaring a higher value and inserting same on the bill of lading. The provision is similar in terms to COGSA's limitation of liability provision.

---

[2] Some of these latter courts also hold that a shipper is presumed to have knowledge of the carrier's tariff and its contents, and that such contents are the law promulgating the applicable standard. Because of our holding below, however, we need not address the issue of the tariff.

■ Defendant argues that the limitation of liability clause, to be effective, must be in the short form bill of lading, citing Pan Am World Airways, supra, 559 F.2d at 1173; Encyclopedia Britannica, Inc. v. S.S. HONG KONG PRODUCER, 422 F.2d 7 (9th Cir. 1969), and Caribbean Produce Exchange, Inc. v. Sea Land Service, Inc., 415 F.Supp. 88 (D.P.R. 1976). In Caribbean Produce Exchange, the carrier had in its tariff a provision which exonerated it from any liability in regard to controlled atmosphere containers. The court held that such a limitation of liability, to be effective, must be in the carrier's short form bill of lading. In so holding, the court relied on Encyclopedia Britannica, supra, 422 F.2d 7, in which the court discussed an "unusual provision inserted by the carrier in its 'regular' bill of lading":

> What adds to its unfairness is the context in which the ocean bill of lading functions. In accepting the short form, *the shipper relies upon the fact that the long form which is incorporated by reference, contains only the usual provisions which closely follow COGSA*, unless there is some warning on the face of the short form of special terms or exceptions which differ from the COGSA provisions.

422 F.2d at 14 (emphasis added). In both Caribbean Produce Exchange and Encyclopedia Britannica, the clauses discussed were provisions that were "unusual," which differed from and did not "closely follow" normal COGSA provisions and which, therefore, had to be inserted in the short form bill of lading to alert shippers to their existence. Defendant's reliance on these cases is misplaced. The provision with which we are concerned in the IMTS bill of lading is a provision which closely follows COGSA, and which therefore need not be specifically enumerated in the short form bill of lading. Here, the shipper may "[rely] upon the fact that the long form . . . contains only the usual provisions which closely follow COGSA . . . ." Id. We therefore hold that the IMTS provision need not be in the short form bill of lading to be effective.

Nor can defendant find solace in Pan Am World Airways, supra, 559 F.2d 1173. The ruling in that case was twofold: 1) that the liability limitation provision in the carrier's bill of lading was not effective because it did not offer the shipper the option of declaring a higher value and 2) that incorporation by reference of COGSA in the carrier's regular form bill of lading did not put the shipper on notice of the option. We concur with both holdings of Pan Am World Airways. However, neither is violated in the present case. Clause 22 of

the IMTS regular form bill of lading, which is similar in substance to 46 U.S.C. § 1304(5), provides a shipper opportunity to declare a higher value on its cargo and, to thereby (together with paying extra freight) avoid the $500 liability limitation.

The next question to be resolved is whether the tank trailers involved herein are COGSA "packages" within the meaning of 46 U.S.C. § 1304(5), and, if not, what is the appropriate "customary freight unit" for purposes of limitation of liability. The provision in Clause 22 of the IMTS long form bill of lading that "[w]here goods are shipped in bulk the trailer . . . in which said bulk goods are transported shall be deemed to be the 'package'" is not controlling if in conflict with the meaning of "package" under COGSA.[3]

The cases are legion in which courts have considered just what constitutes a COGSA "package." The case law has been aptly described as "a course of infinitely varying studies of which it is confidently known this case 'will hardly be the last'." Shinki Boeki Co., Ltd. v. S.S. PIONEER MOON, 378 F.Supp. 418 (S.D.N.Y. 1974) (quoting Leather's Best, Inc. v. S.S. MORMACLYNX, 451 F.2d 800, 814 (2d Cir. 1971)), rev'd on other grounds, 507 F.2d 342 (2d Cir. 1974). There appear to be no cases, however, which deal with "tank trailers" such as are the subject of this suit. However, after review of the case law, we are satisfied that relevant factors in determining whether these "tank trailers" are COGSA packages include the following:

1) who selected the method of packaging the goods;
2) who actually packaged the goods;
3) who owned or procured the package or container;
4) whether the goods were delivered to the carrier already packaged or in container;
5) the description of the items in the bill of lading, and whether the parties used the packaging in determining the shipping rate;
6) whether the packaging used was functionally a part of the ship.

Shinko Boeki Co., Ltd. v. S.S. PIONEER MOON, 507 F.2d 342 (2d Cir. 1974); Leather's Best, supra, 451 F.2d 800; Aluminios Pozuelo, Ltd. v. S.S. NAVIGATOR, 407 F.2d 152 (2d Cir. 1968); Complaint of Norfolk, Baltimore & Carolina Line, 478 F.Supp. 383 (E.D. Va. 1979); Omark Industries, Inc. v. Associated Container Transporta-

---

[3] See note 1, supra.

tion (Australia) Ltd., 420 F.Supp. 139 (D. Or. 1976); Matsushita Electric Corporation of America v. S.S. AEGIS SPIRIT, 414 F.Supp. 894 (W.D. Wa. 1976); Copanhia Hidro Electrica v. S.S. LOIDE HONDURAS, 368 F.Supp. 289 (S.D.N.Y. 1974).[4] From the evidence presently before the Court, we cannot determine whether the subject "tank trailers" are COGSA packages. We must, therefore, deny that portion of the summary judgment motion, without prejudice to the parties submitting sufficient evidence to enable the Court to make such a determination.

## ORDER

The premises considered, and the Court being fully advised,

IT IS ORDERED that the motion of plaintiff for summary judgment be, and the same is hereby, GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART, as hereinabove set forth.

---

[4] We do not hold that this list of factors to consider is exhaustive for all types of goods or containers, but only that these are the most important factors in deciding whether tank trailers are COGSA packages.