[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
11/12/99
THOMAS K. KAHN
CLERK

_____

No. 99-08145

_____

D. C. Docket No. CV 498-241

MESOCAP IND. LIMITED,

Plaintiff-Appellant,

versus

TORM LINES,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(November 12, 1999)**

Before EDMONDSON and BIRCH, Circuit Judges, and OWENS[*], Senior District
Judge.

OWENS, Jr., Senior District Judge:

_____

[*] Honorable Wilbur D. Owens, Jr., Senior U.S. District Judge for the Middle
District of Georgia, sitting by designation.

Plaintiff Mesocap Industries Limited (Mesocap) and Tradelink Exports Corp. (Tradelink), on September 25, 1998, brought this Admiralty action to recover from defendant Torm Lines (Torm) for damage to Mesocap cargo that Torm carried on its vessel in 1996 from Savannah, Georgia to Calabar, Nigeria by way of Cotonou, Benin. Over Mesocap's opposition, Torm moved under F.R.Civ. P. 12(b)(6) to dismiss Mesocap's Complaint because it was filed more than one year after the delivery of goods or the date when the goods should have been delivered, and is therefore barred by the one-year limitation period of the Carriage of Goods by Sea Act (COGSA), 46 U.S.C.A App. §§ 1300-1315 (1994). The district court granted Torm's Motion to Dismiss based on the reasoning in Bunge Edible Oil Corp. v. M/V Torm Rask, 756 F.Supp. 261 (E.D. La. 1991), aff'd 949 F.2d 786 (5th Cir. 1992)(An unreasonable course deviation by a carrier does not prevent it from invoking COGSA's one-year limitation period because the limitation has no conceptual nexus with cargo risk allocation). Mesocap and Tradelink appeal the district court's grant of defendant Torm's Motion to Dismiss, arguing that Torm's COGSA time limitation defense is precluded because Torm substantially deviated from the contract's delivery terms. We affirm the district court.

**I. Background**

2

Mesocap contracted with Torm for the shipment of three containers of goods from Savannah, Georgia to Calabar, Nigeria aboard Torm's vessel, the M/V ESTETURM. The containers were discharged at Cotonou, Benin on March 13, 1996. On March 16, 1996 Mesocap obtained "a pre-clearance approval/advanced release" from Torm's agent at Cotonou permitting the shipment of the three containers to continue on to Calabar, Nigeria. However, Torm did not ship the containers to Calabar. Eventually, Mesocap made arrangements with OT Africa Lines to complete the shipment of the containers, and OT Africa shipped two of the three containers to Port Harcourt, Nigeria in December, 1996. The cargo in the third container was discovered to be "moldy and rotten" due to salt water damage. Plaintiffs allege that the damage, totaling $110, 646.55, took place while aboard Torm's M/V ESTETURM.

## II. Issue on Appeal

Plaintiffs concede that suit was not brought within COGSA's one-year limitation period. The issue presented by this appeal is whether an unreasonable course deviation by an ocean common carrier prevents the carrier from invoking COGSA's one-year limitation for bringing suit on a cargo damage claim.

## III. Standard of Review

In reviewing an order granting a motion to dismiss, the appellate court must accept the factual allegations of the complaint as true and may affirm the dismissal of the complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 81 L.Ed.2d 59, 65, 104 S.Ct. 2229 (1984); Conley v. Gibson, 355 U.S. 41, 45-46, 2 L.Ed. 80, 85-86, 78 S.Ct. 99 (1957). The Appellate Court reviews the District Court's legal conclusions de novo. G.S.W., Inc. v. Long County, 999 F.2d 1508 (11th Cir. 1993).

## IV. Discussion

COGSA is a comprehensive statute intended to limit the liability of carriers engaged in international shipping. Unimac Co., Inc. v. C.F. Ocean Service, Inc., 43 F.3d 1434, 1436 (11th Cir. 1995). It applies to "all contracts for carriage of goods by sea to or from ports of the United States in foreign trade." Id., citing 46 U.S.C.A.App. § 1312. The Statute defines "foreign trade" as "the transportation of

goods between the ports of the United States and ports of foreign countries." Id.

Because the dispute between Mesocap and Torm stems from a contract for the shipment of goods from Savannah, Georgia to Calabar, Nigeria, COGSA governs this transaction.

Torm argues that the district court correctly concluded that COGSA bars Mesocap's recovery. The relevant provision of COGSA's one-year limitation period, 46 U.S.C.A.App. § 1303(6), provides that "the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered." Torm argues that Mesocap's claim is barred because Mesocap had custody and control of the cargo no later than December 1996 when Mesocap made arrangements with OT Africa Lines to transport the cargo to Contonou, Nigeria and Mesocap did not file its complaint until September 25, 1998, more than one year after delivery[**]. Mesocap acknowledges that if COGSA applies, the carrier is discharged from all liability in respect of loss or damage since suit was not brought within one year after delivery of the goods or the date when the goods

---

[**]Note, however, that Cerro Sales Corp. v. Atlantic Maritime Enterprises Inc., 403 F.Supp. 562, 565 (S.D.N.Y. 1975), holds that the delivery date is of no importance and the limitations period runs from the date the goods should have been delivered. citing Western Gear Corporation v. States Marine Lines, Inc., 362 F.2d 328 (9th Cir. 1966).

should have been delivered, but argues that Torm unreasonably deviated from the contract nullifying the contract of carriage and making COGSA inapplicable, citing Unimac Co., Inc. v. C.F. Ocean Service, 43 F.3d 1434, 1437 (11th Cir. 1995).

Torm concedes, for the purposes of appeal, that it unreasonably deviated from the contract of carriage, but argues that, as a matter of law, it nevertheless must prevail. The issue, then, is whether an unreasonable course deviation by a carrier prevents it from invoking COGSA's one-year limitation period.

The effect of a deviation on the COGSA time bar is unsettled in this circuit. Two district court cases from the Southern District of Florida have reached different conclusions on this issue, See Birdsall, Inc. v. Tramore Trading Co., Inc., 771 F.Supp. 1193, 1198-1199 (S.D. Fla. 1991)(upholding the COGSA one-year time limitation despite a deviation), and Allstate Insurance Co. v. International Shipping Corp., 1982 A.M.C. 1763, 1769 (S.D. Fla. 1981)(holding that a deviation nullifies the time limitation), aff'd on other grounds, 703 F.2d 497 (1983)(holding that no one-year limitation period was applicable to the action, hence, no need to reach any other issues (such as whether a deviation nullifies the time limitation)), but this court has not specifically addressed the issue. This court, however, has addressed the COGSA's $500 per package limitation on liability, but in doing so declined to reach the one year limitation in Unimac Co., Inc. v. C.F. Ocean

6

Service, 43 F.3d 1434, 1437 n.5 (11ᵗʰ Cir. 1995)("we need not decide whether a deviation would strip a carrier of both the $500 limitation on liability and the statute of limitations, or as the Fifth Circuit has held, merely of the liability limitation, and not of the one-year statute of limitations").  Further, while this court in Hale Container Line, Inc. v. Houston Sea Packing Co., 137 F.3d 1455 (11ᵗʰ Cir. 1998), quoted Unimac for the following proposition: "The doctrine of deviation provides that, when a ship deviates from the contract of carriage or varies the conduct in the carriage of goods, increasing the risk of shipment of the goods, COGSA does not apply because the bill of lading, which acts as the contract of carriage, is nullified," it did not distinguish between the $500 liability limitation and the one-year limitation as Unimac indicated was necessary.  Id. at 1469.  Furthermore, all discussion in Hale Container Line, Inc., related to the $500 liability limitation (not the time limitation).  Id.

The Fifth Circuit specifically addressed the issue at hand when it held that the deviation doctrine only nullifies COGSA's $500 per package liability limitation, not its one-year statute of limitation. See Bunge Edible Oil Corp. v. M/V Torm Rask, 756 F.Supp. 261, 266 (E.D. La. 1991), aff'd 949 F.2d 786, 788 (5ᵗʰ Cir. 1992).  The filing limitation provision, the court reasoned, had little to do with the parties' risk of loss allocation with respect to the cargo.  Id.  Hence, an

7

unreasonable deviation logically disturbs only the parties' expectations concerning the risk of loss, but not their expectations about when they can sue. Id. No justification exists, then, to nullify COGSA's limitation period merely because a carrier veers off course. Id. at 263-66. Accord: Francosteel Corp. v. N.V. Nederlandsch Amerikaansche, Stoomvart-Maatschappij, 57 Cal. Rptr. 867, 1967 A.M.C. 2440 (Cal. Dist. Ct. App. 1967), cert. denied, 389 U.S. 931, 19 L.Ed.2d 282, 88 S.Ct. 293 (1967); Birdsall, Inc. v. Tramore Trading Co., Inc., 771 F.Supp. 1193, 1198-1199 (S.D. Fla. 1991).

While some courts side with Mesocap on this issue, those cases can be distinguished or are unpersuasive. See Northwestern Nat'l Ins. Co. v. Galin, 1988 AMC 878, 879 (S.D. N.Y. 1987), citing Cerro Sales Corp. v. Atlantic Maritime Enterprises Inc., 403 F.Supp. 562, 566 (S.D. N.Y. 1975) ("An unreasonable deviation deprives the ocean carrier of COGSA's one-year time limitations"). Neither Northwestern nor Cerro provide a basis or rationale for so holding. Additionally, Yang Machine Tool Co., v. Sea-Land Service, Inc., 58 F.3d 1350 (9th Cir. 1995), General Electric Co. Int'l Sales Division, v. S.S. Nancy Lykes, 706 F.2d 80 (2nd Cir. 1983), Sedco, Inc. v. SS Strathewe, 800 F.2d 27, 32, 1986 AMC 2801 (2nd Cir. 1986), Asahi America, Inc. v. M/V Arild Maersk, 602 F.Supp. 25, 1986 AMC 53 (S.D.N.Y. 1985), and Nemeth v. General Steamship Corp., 694 F.2d

8

609, 613 (9th Cir. 1982), cited by Mesocap, did not specifically discuss whether an unreasonable deviation eliminated the one-year statute of limitations defense; they only dealt with the $500 liability limitation. Finally, the Court in <u>Yutana Barge Lines, Inc., v. Northland Services, Inc</u>., 574 F.Supp. 1003 (W.D. Wash. 1983), held that since an unreasonable deviation deprives the carrier of contractual and statutory limitations of liability (because the deviation subjects the cargo to risks the shipper did not anticipate), a defendant may not rely upon its (1) time-bar, (2) package/customary freight unit limitation, and peril of the sea defenses. <u>Yutana</u>, at 1005-1006.

This court is persuaded by the reasoning in <u>Bunge</u>. An unreasonable course deviation, while increasing the risk of loss (hence the need for elimination of the per package limitation defense), has no bearing on a plaintiff's ability to timely file a lawsuit. In other words, a deviation in the delivery terms creates no greater risk that plaintiff will not be able to file suit within the statutory period. Accordingly, this court joins the Fifth Circuit in concluding that an unreasonable course deviation does not nullify COGSA's one year statute of limitation.

AFFIRMED

9